IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD GARY REMBOLD | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-15-1825 |
| DAVID HELSEL, M.D. | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Petitioner Donald Gary Rembold filed suit on June 19, 2015, claiming that, in the criminal case in which he is the defendant, he was committed to Spring Grove Hospital Center without a hearing. ECF No. 1. On August 18, 2015, Respondent filed a Limited Response along with supporting exhibits, ECF Nos. 3 & 3-1, to the Petition for Writ of Habeas Corpus, pursuant to this Court's July 13, 2015 Order, ECF No. 2. Petitioner has filed a Reply. ECF No. 4. Based on the information filed with the Response and for the reasons stated below, the petition must be dismissed without prejudice.

At the time this case was initiated, Rembold was confined at Spring Grove Hospital Center ("Spring Grove") pursuant to an order issued by the Circuit Court for Harford County, Maryland in the context of a criminal case in which Rembold is the defendant.[1] Pet. 1–2, 13; Resp. 1.

On January 28, 2015, the circuit court had issued an order for the Department of Health and Mental Hygiene ("DHMH") to conduct an evaluation of Rembold's competency to stand trial. Resp. Ex. 4. Pursuant to the order, Dr. Kimberly A. Witczak, Psy.D., a forensic evaluator

---

[1] On March 19, 2014, Rembold was indicted on multiple counts of sexual abuse of a minor and third degree sex offense. Resp. Exs. 1A & 1B.

for the DHMH, examined Rembold at the Harford County Detention Center, where he was detained, on January 30, 2015. Witczak Report, Resp. Ex. 5. She also interviewed Rembold's attorneys and reviewed Rembold's past criminal record. *Id.* In her written report to the circuit court, Dr. Witczak stated her opinion that Rembold did "not have a factual and rational understanding of the nature and object of the proceedings against him," nor did he possess "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Id.* She further concluded that Rembold would present a danger to himself or to others if released from confinement. *Id.*

On February 6, 2015, the circuit court issued an order finding Rembold incompetent to stand trial and, "by reason of a mental disorder . . . a danger to [him]self or the person or property of another," and committing Rembold to the custody of the DHMH until he becomes competent to stand trial or is no longer a danger to himself or others. Resp. Ex. 6. The order requiring Rembold's commitment was based on the evaluation performed by Dr. Witczak and required Rembold's immediate transportation to Spring Grove or another facility designated by DHMH. *Id.* Rembold was admitted to Spring Grove on February 13, 2015. Resp. Ex. 7.

Pursuant to state law, the DHMH evaluates persons committed as not competent to stand trial at least every six months. *See* Md. Code Ann., Crim Proc. § 3-108(a). Rembold was re-evaluated in July of 2015 by Dr. Lindsay D. Holbein, Psy.D.. Resp. Ex. 8. She also reviewed the court and Spring Grove records and interviewed Rembold's father and defense attorney. *Id.* Dr. Holbein concluded after conducting the re-evaluation that Rembold is competent to stand trial and does not suffer from any psychiatric illness. Additionally, Dr. Holbein noted that Rembold's treatment team did not believe he has a psychotic disorder and that no medications had been prescribed for Rembold during his stay at Spring Grove. *Id.* Dr. Holbein's report is

dated July 21, 2015, and counsel for DHMH has requested the circuit court hold a hearing by August 28, 2015, pursuant to Crim. Proc. § 3-106(c)(1)(iii). Resp. Ex. 9. On September 3, 2015, Rembold was found competent to stand trial by the Circuit Court for Harford County, released from Spring Grove, and remanded to the custody of the Harford County Detention Center. Notice of Hr'g & Release, ECF No. 5; *see* State Ct. Docket, ECF No. 5-1 (stating that Rembold was "[h]eld without Bond to HCDC imm[e]diately upon r[e]lease from Spring Grove").

Rembold asserts that Dr. Witczak's evaluation was improper and that he was entitled to a hearing prior to being found incompetent to stand trial. Pet.'s Reply. Respondent admits that Rembold was found incompetent to stand trial and committed to DHMH custody on February 6, 2015, without benefit of the hearing specified in Crim. Proc. § 3-106(b)(1). Resp. 4.

This Court's limited review of this matter is focused on whether circumstances exist that would permit Rembold to access pre-trial federal habeas relief. Pre-trial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987).

In this case, special circumstances justifying this Court's intervention do not exist because Rembold is no longer confined at Spring Grove. The issue regarding the validity of his confinement at Spring Grove is therefore moot. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (quoting *Los Angeles v.*

*Lyons*, 461 U.S. 95, 101 (1983)). Additionally, the injury for which Rembold sought a remedy, i.e., his confinement, cannot be "redressed by a favorable judicial decision," as he already has been released. *See Spencer*, 523 U.S. at 7 ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (quoting *Lewis*, 494 U.S. at 477)). The petition therefore will be dismissed without prejudice by separate Order, which follows.

09/14/2015
Date

Paul W. Grimm
United States District Judge